UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RIVERA ANAYA,<br>Defendant-Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br>Plaintiff-Respondent. | Case No.: 25-CR-0074-TWR<br>25-CV-2643-TWR<br>**ORDER DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255** |

Presently before the Court is Defendant Daniel Rivera Anaya's Motion to Vacate under 28 U.S.C. § 2255 ("Mot.," ECF No. 56), as well as the United States of America's Response in Opposition ("Opp'n," ECF No. 62) to the Motion. For the reasons set forth below, the Court **DENIES** Defendant's Motion.

**BACKGROUND**

On December 11, 2024, Defendant was arrested for violation of 18 U.S.C. § 111(a)(1). (ECF Nos. 1, 2.) On May 9, 2025, attorney Ryan Stitt was appointed to represent Defendant after Defendant's prior counsel was relieved. (ECF No. 29.) On July 17, 2025, the United States filed Superseding Information (ECF No. 44) alleging a misdemeanor violation of 18 U.S.C. § 111, and Defendant entered a Plea Agreement ("Plea Agreement," ECF No. 43) where he plead guilty to the misdemeanor charge in return for the United States' agreement to dismiss and thereafter not prosecute Defendant for a felony

violation of the same statute due to the alleged conduct. In the Plea Agreement, Defendant agreed that he "assaulted Officer C. Rivero" while attempting to enter the United States. (*Id.* at II.B.)

Prior to sentencing, the United States filed a Sentencing Summary Chart (ECF No. 49) and Mr. Stitt filed a Sentencing Summary Chart and a Sentencing Memorandum. (ECF Nos. 48, 49.) On August 21, 2025, Magistrate Judge Burkhardt held a sentencing hearing for Defendant. (ECF No. 54.) At the sentencing hearing, Mr. Stitt argued that Defendant should be sentenced to time served for the following reasons: the officer was not injured, Defendant was seeking asylum and feared returning to Mexico, Defendant suffered from anxiety, depression, and post-traumatic stress disorder, and the officer's conduct was improper and illegal. (ECF No. 61 ("Transcript").) Mr. Stitt specifically advocated for departures under 5K2.10, diminished capacity, and criminal history. (*Id.*) Mr. Stitt also had a back-and-forth dialogue with the Court related to his argument on unlawful metering. (*Id.*) Magistrate Judge Burkhardt sentenced Defendant to 12 months in custody followed by one year of supervised release. (ECF No. 55.)

## DISCUSSION

### I. Legal Standard

"The customary procedure for raising an ineffective assistance of counsel claim in this circuit is by collateral attack under 28 U.S.C. § 2255." *United States v. Mal*, 942 F.2d 682, 689 (9th Cir. 1991); *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000) ("[Claims of ineffective assistance of counsel] normally should be raised in habeas corpus proceedings"). "To succeed on a claim for ineffective assistance of counsel, a defendant must show that their attorney's performance was deficient and prejudicial." *United States v. Osorio-Arellanes*, 112 F.4th 647, 662 (9th Cir. 2024) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. "[S]crutiny of counsel's performance must be highly deferential, and the defendant must overcome the

presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *United States v. Juliano*, 12 F.4th 937, 940 (9th Cir. 2021).

## II. Analysis[1]

### *A. Whether Defendant's Claims are Procedurally Barred*

#### *1. Failure to Raise Sentencing Claims on Direct Appeal*

The Government claims that because Defendant failed to appeal his sentence, the Court should not consider the merits of his Petition. (Opp'n at 6.) But "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). Therefore, Defendant's ineffective assistance of counsel claims are not barred for failure to be raised on direct appeal.

#### *2. Mootness*

The Government argues that because Defendant has been released from federal custody, his claims are now moot. (Opp'n at 6.) Not so. Defendant is currently subject to a one-year term of supervised release that was not mandatory; accordingly, his Motion is not moot. *See United States v. Saenz*, 833 F. App'x 697, 697–98 (9th Cir. 2021) (finding the petitioner's Section 2255 motion was not moot because he was still subject to a term of discretionary supervised release).

### *B. Ineffective Assistance of Counsel*

Defendant argues he received ineffective assistance of counsel because Mr. Stitt failed to present all the arguments he wanted to be raised at the sentencing hearing and failed to consult with him at the sentencing hearing about his ability to appeal.

/ / /

---

[1] Defendant also raises two arguments based on the supervised release revocation hearing in 23-cr-01984-BLM. Defendant argues that the prosecution breached the plea agreement at his supervised release revocation hearing, (Mot. at 12), and that Mr. Stitt failed to "adequately advocate for 'back time'" so his sentences could run fully concurrently under Sentencing Guidelines Manual 5G1.3. (*Id.*) The United States does not address the merits of these arguments. The judgment in 23-cr-01984-BLM is currently being appealed to the district court judge. Because this conduct does not relate to the proceedings before this Court, the Court does not reach the merits of these arguments.

*1. Arguments Made at the Sentencing Hearing*

Defendant argues Mr. Stitt was ineffective when he failed to provide the Court with all of the information Defendant gave to him that could have supported a downward departure at the sentencing hearing. (Mot. at 8.) Specifically, Defendant argues that Mr. Stitt should have argued that "CBPO Rivero had acted contrary to his official function," and that he was trying to enter the country because of fear of "grave danger." (Mot. 9–10.) At the sentencing hearing, Mr. Stitt argued that Defendant was scared to return to Mexico because he felt he was in danger there, (Transcript at 5:12–20), that Defendant suffered from "anxiety, depression, and post traumatic stress disorder," (*id.* at 5:11), and that the officer's conduct was "improper" and had "no basis in the law," (*id.* at 6:2–19). Accordingly, Mr. Stitt made all the arguments that Defendant identifies. To the extent Mr. Stitt did not make the exact same arguments that Defendant identified in his self-drafted motion, there is no indication that this strategic choice was deficient nor that it prejudiced Defendant.

Defendant also argues that Mr. Stitt should have provided the Court with Defendant's "actual medical records." (Mot. 9–10.) To the extent that this could be deficient performance, there is no prejudice. Magistrate Judge Burkhardt acknowledged the evidence of Defendant's mental conditions but found there was no evidence that these conditions substantially contributed to Defendant's conduct. (Transcript at 39:2–10.) Defendant's medical records would have only provided greater evidence of his conditions, not that Defendant's conditions caused his assaultive behavior. In sum, Defendant has not established ineffective assistance of counsel based on Mr. Stitt's arguments at the sentencing hearing.

*2. Lack of Discussion Before Confirming Waiver of Appeal*

Defendant argues Mr. Stitt performed defectively when he told the Court that that the right to appeal had been waived. (Mot. at 11.) The relevant interaction was the Court asking Mr. Stitt, "in light of the sentence, has appeal been waived?" and Mr. Stitt responding "[i]t has." (Transcript at 41:11–13.) While a "lawyer who disregards specific

instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)), it is not professionally unreasonable to confirm the waiver of appeal expressed in a plea agreement. Defendant is not arguing that Mr. Stitt refused to file an appeal when he asked him to. Instead, he is challenging Mr. Stitt's accurate portrayal of the plea agreement's waiver of Defendant's right to appeal the sentence. (Plea Agreement at XI.) Mr. Stitt did not perform deficiently when accurately responding to the Court's question at the sentencing hearing nor when failing to consult with Defendant before answering the question.

Further, to the extent Defendant argues Mr. Stitt acted deficiently by failing to consult with him on whether he wanted to appeal after the sentencing hearing, Mr. Stitt's lack of consultation was not in error because Defendant does not assert that he requested an appeal, demonstrated that he wanted to appeal, or had any nonfrivolous ground for appeal. *See United States v. Orosco*, 219 F. App'x 673, 674 (9th Cir. 2007) (affirming the denial of a Section 2255 motion when the defendant did not specifically request that trial counsel file a notice of appeal on his behalf or reasonably demonstrate that he was interested in appealing and did not demonstrate a nonfrivolous ground for an appeal). Thus, Defendant has not established ineffective assistance of counsel based on the lack of discussion of an appeal.

## III. Evidentiary Hearing

A district court may deny a Section 2255 Motion without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). An evidentiary hearing is required, however, if the defendant "make[s] specific factual allegations which, if true, would entitle him to relief." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982). Further, credibility issues can be "conclusively decided on the basis of documentary testimony and evidence in the record." *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988) (per curiam).

Here, the record conclusively establishes that Defendant is not entitled to relief, and Defendant makes no specific factual allegations that contradict the record. Thus, an evidentiary hearing is not required. *See* 28 U.S.C. § 2255(b).

**CONCLUSION**

In light of the foregoing, the Court **DENIES** Defendant's Motion to Vacate Under 22 U.S.C. § 2255 (ECF No. 56). Additionally, the Court **DENIES AS MOOT** the Petition to Vacate under 22 U.S.C. § 2255, filed as ECF No. 1 in Civil Case No. 25-CV-2643-TWR. In the event Defendant files an appeal, the Court **DECLINES TO ISSUE A CERTIFICATE OF APPEALABILITY** because Defendant has not made a substantial showing of the denial of a constitutional right and a reasonable jury would not find the Court's ruling debatable. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

**IT IS SO ORDERED.**

Dated: 8/3/2026

HON. TODD W. ROBINSON
UNITED STATES DISTRICT JUDGE